UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10932-GAO

NANCY SHAY,
Plaintiff,

v.

BARBARA WALTERS,
Defendant.

<u>ORDER</u>
March 27, 2012

O'TOOLE, D.J.

The defendant here challenges the sufficiency of the Complaint. After hearing, her motion for judgment on the pleadings (dkt. no. 10) is GRANTED.

The plaintiff's claim for tortious interference with a contract is plainly time-barred, and no extraordinary circumstances here exist to justify tolling the statute of limitations. See <u>Ortega Candelaria v. Orthobiologics LLC</u>, 661 F.3d 675, 680 (1st Cir. 2011).

As for her defamation claim, the plaintiff fails to allege the fault necessary for such a claim. See <u>Ravnikar v. Bogojavlensky</u>, 782 N.E.2d 508, 510-11 (Mass. 2003). Moreover, the alleged defamatory statements could not have caused harm to the plaintiff in a considerable segment of the community because, according to the Complaint, the small number of people who would have been able to recognize the book's oblique references to the plaintiff would also likely have been aware of the circumstances of her expulsion that were the subject matter of the accused statements. See <u>Amrak Prods., Inc. v. Morton</u>, 410 F.3d 69, 72 (1st Cir. 2005).

Finally, the claim for negligent infliction of emotional distress is derivative of the defamation claim. In the absence of a viable defamation claim, this claim fails as well. See Alright v. Morton, 321 F. Supp. 2d 130, 141 (D. Mass. 2004).

The plaintiff's motions to amend and join would not remedy these defects.

Accordingly, the Motion (dkt. no. 10) for Judgment on the Pleadings is GRANTED. The Motion (dkt. no. 20) to Amend and the Motion (dkt. no. 25) to Join are DENIED. Judgment shall be entered for the defendant.

It is SO ORDERED.

    /s/ George A. O'Toole, Jr.
    United States District Judge